IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01917-WYD-MJW

ADEPT COMPUTER SOLUTIONS, INC.,

Plaintiff,

v.

ZOLL DATA SYSTEMS, ET AL.,

Defendants.

---

**ORDER REGARDING THE JOINT REQUEST FOR CONFERENCE REGARDING CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
(DOCKET NO. 17)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter was before the court for status conference and hearing on the Joint Request for Conference Regarding Confidentiality Stipulation and Protective Order (docket no. 17). The court has reviewed and considered the Plaintiff's Proposed Protective Order (docket no. 17, Attachment 1) and Defendant's Proposed Protective Order (docket no. 17, Attachment 2). The court has also taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

This case involves intellectual property concerning a mapping program called "Street Wizard," which provides local street maps, allows the user to locate places and

addresses, can create routes and directions for the user, and can create printable customized maps. The various versions of the "Street Wizard" software contain copyrighted material owned by Plaintiff. The "Street Wizard" name is a registered trademark in Colorado and California.

Plaintiff alleges six (6) claims for relief stemming from Defendant's alleged unlawful conduct. Those claims are for: (1) breach of contract, specifically the License Agreement; (2) copyright infringement under 17 U.S.C. § 504; (3) violation of the Lanham Act under 16 U.S.C. § 1125; (4) trademark infringement pursuant to California Business & Professions Code § 14320; (5) trademark dilution pursuant to California Business & Professions Code § 14330; and (6) unfair competition under California Business & Professions Code § 17200.

The parties to this lawsuit have been working together on a stipulated protective order to cover confidential information. The parties have narrowed the areas of dispute concerning the protective order to the following three (3) areas: (1) whether Plaintiff's representative, Scott Pickett, should be allowed to review and have access to confidential information about the Defendant; (2) whether Plaintiff's representative, Scott Pickett, should have access to Defendant's confidential customer lists and pricing information; and (3) whether confidential and highly confidential information disclosed during discovery should have some limitations of use at trial.

Plaintiff argues that representative Scott Pickett is the key person from Plaintiff who knows and understands the software in question. Plaintiff contends that Mr. Pickett must have access to the subject confidential information listed above in order for Plaintiff to prosecute its six (6) claims in an efficient and economic manner. Plaintiff

3

further contends that Plaintiff is not a direct competitor to Defendant. In addition, Plaintiff argues that there is no need for paragraph 17 located on page 14 in Defendant's Proposed Protective Order (docket no. 17, Attachment 2), because such provision is premature, and further that paragraph 16 located on page 14 in the Defendant's Proposed Protective Order (docket no. 17, Attachment 2) and paragraph 16 in the Plaintiff's Protective Order (docket no. 17, Attachment 1) address the use of confidential information during court proceedings which would include trial, and the parties could seek additional relief from the court if such confidential information was offered into evidence during a court proceeding.

Defendant argues that Mr. Pickett does not need to have access to Defendant's confidential information since Plaintiff can use its experts to review Defendant's confidential information and can effectively prosecute its claims through its own experts. Moreover, Defendant argues that Mr. Pickett does not need to contact directly Defendant's customers from Defendant's confidential customer list, nor does Mr. Pickett need access to Defendant's confidential pricing information since such information would give Plaintiff an unfair business advantage and would allow Mr. Pickett an opportunity to harass Defendant's customers. Defendant argues that its confidential customer list and confidential pricing information can also be used by Plaintiff's experts only, and Plaintiff will still be able to prosecute its claims effectively. Lastly, Defendant argues that paragraph 17 located on page 14 in Defendant's Proposed Protective Order (docket no. 17, Attachment 2) is not premature and should be included in the protective order that the court enters.

4

Here, the court finds that both parties to this lawsuit are corporations. At trial, a corporation would be entitled to have a representative of the corporation (i.e., advisory witness) present pursuant to Fed .R. Evid. 615 (2) or (3). As such, during any deposition, a corporation would be entitled to have a representative present. Both parties informed the court that they will have a representative present during all depositions. Plaintiff has indicated that Mr. Pickett would be its representative during the scheduled depositions since he has the most knowledge concerning the subject software and this litigation. Following this court's questioning of Defendant's counsel, Mr. Stump, Defendant informed this court that Defendant did intend to have a representative present during depositions as well, but Defendant was unable to tell this court the name of such person.

The court further finds that paragraph 17 located on page 14 in Defendant's Proposed Protective Order (docket no. 17, Attachment 2) is premature and unnecessary at this time. Moreover, paragraph 16, located on page 14 in the Plaintiff's Protective Order (docket no. 17, Attachment 1), addresses the use of confidential information during court proceedings which would include trial, and the parties could seek additional relief from the court if such confidential information was offered into evidence during a court proceeding.

Lastly, the court finds that Mr. Pickett, as representative for Plaintiff, should have access to the confidential information listed above, in particular since there are other provisions within the Plaintiff's Proposed Protective Order (docket no. 17, Attachment 1) that Mr. Pickett must comply with or be subject to sanction. Moreover, if Defendant determines, at a later date, that Mr. Pickett has violated the protective order issued by

5

this court, Defendant may seek further relief from this court or may have a separate cause of action against Mr. Pickett.

## ORDER

Based upon these findings of fact and conclusions of law, the court ORDERS:

1. That the Joint Request for Conference Regarding Confidentiality Stipulation and Protective Order (docket no. 17) is GRANTED as follows. The court adopts and enters the Proposed Protective Order by Plaintiff (docket no. 17, Attachment 1), and it is made an Order of Court. <u>See</u> signed written Protective Order. The court rejects the Proposed Protective Order by Defendant (docket no. 17, Attachment 2)

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 26th day of January 2006.

BY THE COURT

<u>s/ Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge