# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. **05-CV-01917-WYD-MJW**

**ADEPT COMPUTER SOLUTIONS, Inc.,** a California corporation,

      Plaintiff,

**v.**

**ZOLL DATA SYSTEMS,** a Delaware Corporation,

      Defendant.

---

### PLAINTIFF ~~ADEPT COMPUTER~~ SOLUTIONS, INC.'S ~~PROPOSED~~ CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

---

      Each Party and each Counsel of Record stipulate and move the Court for a Confidentiality Stipulation and Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

      1.    In this action, both Parties may seek Confidential Information (as defined in paragraph 2 below) during discovery and anticipate that there will be questioning concerning Confidential Information in the course of depositions. The Parties agree that disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business interests. The Parties have entered into this Stipulation and request the Court enter the Confidentiality Stipulation and Protective Order for the purpose of preventing the disclosure and use of Confidential Information by any party or non-party except as set forth herein. The terms of this Confidentiality Stipulation and Protective Order

shall apply to any information or materials produced by any party as part of discovery in this action. Each and every attorney with the law firms representing the Parties in this case shall be deemed to be subject to this Confidentiality Stipulation and Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

2. Definition of "Confidential Information." Under the terms of this Confidentiality Stipulation and Protective Order, "Confidential Information" means any document, device, file, portion of files, electronically or magnetically stored information or data, software code, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not otherwise available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing or comprising confidential research, development, marketing, sales or financial information or other trade secrets. In connection with this Stipulation and Protective Order, Confidential Information shall constitute one of two categories of information or materials, as follows:

a. "Confidential Material" shall be information or materials the release of which would harm the commercial or business interests of the designating party. Such materials may only be so designated if they are not otherwise publicly available, and the designating party has previously taken adequate steps to preserve the confidentiality of such information.

b. "Highly Confidential Material" shall be information or materials relating to highly sensitive technical, financial, personnel, organizational or marketing

matters, and for which any unprotected disclosure would harm the commercial or business interests of the designating party.  Information or materials may only be designated as Highly Confidential Materials if they are not otherwise publicly available, and only if the designating party has previously taken adequate steps to preserve the confidentiality of such information.

  i.  If a counsel believes it is necessary for the prosecution or defense of this action, that a person otherwise excluded from viewing  documents or information designated as "Highly Confidential Information," counsel will notify counsel for the designating party in writing of the documents or information counsel wishes to disclose and to whom.  The designating party shall have 5 business days to object.  If it does not object the disclosure may be made.  If it does object, its objections to the proposed disclosure shall be resolved by the Court or Magistrate, and the documents shall remain confidential until the Court or Magistrate resolves such dispute.

3.  Designation of "Confidential Information."

a.  Where any kind of Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request or subpoena, including by means of entry onto land or premises or by inspection of books, records, documents, or tangible things, such Confidential Information may be designated in the following manner:

      i.  By imprinting the words or "<u>Confidential</u>," "<u>Confidential Material</u>," "<u>Highly Confidential Attorneys Eyes Only</u>," or "<u>Highly Confidential Material</u>," as appropriate, on each and every page of any document produced containing Confidential Information;

      ii.  By imprinting the words "<u>Confidential</u>," "<u>Confidential Material</u>," "<u>Highly Confidential Attorneys Eyes Only</u>," or "<u>Highly Confidential Material</u>," as appropriate, next to or above any response to a discovery request, or portion thereof; and

      iii.  With respect to transcribed testimony, by giving written notice to opposing counsel sufficient to designate such portions as "<u>Confidential Material</u>" or "<u>Highly Confidential Material</u>," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

b.     The parties may designate as Confidential or Highly Confidential material produced by third-parties in the course of discovery, so long as that material meets the prerequisites to qualify as Confidential Information and that the material has originated with the party seeking to designate it as confidential. For the purposes of this Paragraph 3(b), material having originated with the party seeking to designate it as Confidential or Highly Confidential includes original material as well as any copies, summaries, or other derivative material thereof, so long as such copies, summaries, or other derivative material meets the prerequisites to qualify as Confidential Information.

c.      During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may give notice on the record that testimony about to be given meets the prerequisites to qualify as Confidential Information and is deemed "Confidential Material" or "Highly Confidential Material," as appropriate.  If during the course of a deposition, a document or other material that has previously been designated "Confidential Material" or "Highly Confidential Material" is used, then that particular portion of the deposition shall be deemed to be subject to the same level of protection accorded to the designated document without further need of any written designation of the deposition transcript by the designating party.

d.      Additionally, in connection with Confidential Information disclosed during a deposition, the following additional procedures shall apply:

i.      The Parties and any other persons present during a deposition shall provisionally treat all deposition testimony as subject to the "Confidential Material" procedures set forth below until the expiration of ten calendar days after receipt of the transcribed testimony.

ii.     The confidentiality requirements of this Confidentiality Stipulation and Protective Order shall be waived after the expiration of the ten-day period except to the extent some or all of the deposition transcript is designated in writing as

Confidential Information, and except to the extent a portion of the transcript reflects testimony concerning a document or other material that was previously designated as Confidential Information. In the event that any portion of a transcript is deemed Confidential Information, such portion will be treated with the same protections set forth below, as appropriate for the level of designation specified by the designating party.

iii. For any particular deposition, the Parties may waive or modify this presumption of "Confidential Material" treatment during the interim before expiration of the ten-day period by agreement on the record at such deposition or otherwise by written notice without further order of the Court.

4. <u>Restrictions on Confidential Information.</u> All Confidential Information provided by a Party in response to a discovery request or as transcribed testimony shall be subject to the following restriction on use by the receiving parties and authorized third parties:

a. "<u>Confidential Material</u>":

i. "<u>Confidential Material</u>" shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

ii.  "Confidential Material" shall not be communicated or disclosed by any
Party's counsel or a Party in any manner, either directly or indirectly, to
anyone except for purposes of this litigation.

iii.  "Confidential Material" may only be disclosed or communicated to the
following persons:

(a)  The Parties' outside counsel of record in this action, or other
counsel engaged for the purpose of assisting with this action,
any regular or temporary employees of such counsel to whom it
is necessary that the information or material be shown for
purposes of this litigation, and one designated employee of each
party;

(b)  Employees of each of the Parties whose assistance is needed by
counsel for the purposes of this litigation;

(c)  Consultants as defined in Paragraph 4.c. below, but solely to the
extent necessary for such consultants to provide their services
with respect to this litigation;

(d)  Graphics or design services firms retained by counsel for a party
for purposes of preparing demonstrative or other exhibits for
deposition, trial or other proceedings;

(e)  Non-technical jury or trial consulting services retained by
counsel for a party;

      (f)     Document reproduction or coding services retained by counsel for a party.

   iv.    <u>Undertaking</u>: Confidential Materials may be disclosed to the persons listed in ¶ 4.a.iii, sub-paragraphs (c), (d), (e) and (f) only after such persons have executed a declaration in the form attached as Exhibit A.

b.    "<u>Highly Confidential Material</u>":

   i.    "<u>Highly Confidential Material</u>" shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   ii.    The receiving Party's counsel shall not communicate or disclose "<u>Highly Confidential Material</u>" to the receiving Party or the receiving Party's officers, employees, or directors, either directly or indirectly with the exception of the person designated pursuant to Paragraph 4. a. iii. (a), above.

   iii.    The receiving Party's counsel shall ensure that the information is disclosed or communicated only to persons as designated above in ¶ 4.a.iii, sub-paragraphs (a), (c), (d), (e), and (f). "Highly Confidential Material" may be disclosed to those persons listed in ¶ 4.a.iii, sub-paragraphs (c), (d), (e) and (f) only after such persons have executed a declaration in the form attached as Exhibit B.

c.    <u>Consultants.</u> For purposes of this Confidentiality Stipulation and Protective Order, a consultant shall be defined as a person who is ***neither*** an employee of

a Party nor anticipated to become an employee, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a Party.

d.      While a Party may designate the identity of its customers as Confidential Material or as Highly Confidential Material, contacting such customers for any purpose related to the litigation, including identifying the Doe defendants, is permissible. .

5.     Treatment of Confidential Information.   Individuals authorized to review Confidential Information pursuant to this Confidentiality Stipulation and Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.     Responsibility for Ensuring Compliance.   Counsel for a Party who receives Confidential Information shall take reasonable steps to ensure compliance with the terms of this Confidentiality Stipulation and Protective Order with respect to persons to whom such Confidential Information is disclosed as a result of counsel's receipt of such information from the disclosing Party.  Counsel for the receiving Party shall obtain and retain the original declarations signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.     Access to List of Disclosed Persons.   During the pendency of this action, counsel for a disclosing Party may upon court order or agreement of the Parties inspect the

list maintained by counsel for a receiving Party, pursuant to Paragraph 6 above, upon a

showing of substantial need in order to establish the source of an unauthorized disclosure of

Confidential Information and that counsel for the disclosing Party are unable otherwise to

identify the source of the disclosure. If counsel for the receiving Party disagrees with

opposing counsel's showing of substantial need, then counsel for the disclosing Party may

seek a court order requiring inspection under terms and conditions deemed appropriate by the

Court.

8.      Copying of Confidential Information. No copies of Confidential Information

shall be made except by or on behalf of counsel in this litigation and such copies shall be

made and used solely for purposes of this litigation.

9.      Custody of Confidential Information. During the pendency of this litigation,

counsel shall retain custody of Confidential Information and copies made therefrom pursuant

to Paragraph 8 above, except to the extent that copies of Confidential Information are

provided to outside consultants or others authorized to received such materials. Counsel

shall ensure that wherever information and materials covered by this Confidentiality

Stipulation and Protective Order are kept, they are maintained in secure facilities.

10.     Objections to Designation of Confidential Information. If counsel for a

receiving Party objects to the designation of certain information as Confidential Information,

he or she shall promptly inform the designating Party's counsel in writing of the specific

grounds of objection to the designation. Such written notice of objection shall be served

promptly on all Parties. Counsel shall at the earliest practicable time, in good faith and on an

informal basis, attempt to resolve any such dispute. If after such good faith attempts the Parties are unable to resolve their dispute, counsel for a receiving Party may move for a disclosure order consistent with this order. The information shall continue to have the particular Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11.     Use of Confidential Materials in Court Proceedings. In the event any material designated "Confidential Material" or "Highly Confidential Material" is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the Parties through such use. Any memorandum, brief, or other pleading that contains Confidential Information in the body of the document shall be prominently labeled on the first page of the document and any other applicable pages with the following legend: "Contains Confidential Information Subject To Confidentiality Stipulation and Protective Order."

A Party may deliver documents or other materials containing or comprising Confidential Information to the Clerk of the Court, under seal, with directions that the sealed materials shall not be available for public inspection. Such a sealed filing shall be accepted by the Clerk *only if* the submission of sealed material is performed in accordance with D.C.COLO.LCivR 7.2-7.3.

12.     Continuing Duty. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Confidentiality Stipulation and Protective Order,

and the Court shall retain continuing jurisdiction to enforce the terms of this Confidentiality Stipulation and Protective Order.

13.    <u>Protective Order Not Admission.</u>    By agreeing to the entry of this Confidentiality Stipulation and Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Furthermore, by producing or receiving information or material designated "<u>Confidential Material</u>" or "<u>Highly Confidential Material</u>," or by otherwise complying with the terms of this Confidentiality Stipulation and Protective Order, such conduct shall not be deemed to:

a.    Operate as an admission by the Receiving Party that any designated material contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

b.    Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any designated information;

c.    Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

d.    Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Confidentiality Stipulation and Protective Order;

e.     Prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Confidentiality Stipulation and Protective Order;

f.     Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

g.     Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material, or,

h.     Prevent the Parties from agreeing in writing, or seeking leave of the Court, on different time limits with respect to objections to confidentiality designations or designations of consultants.

14.     Obligations after Final Disposition.   The provisions of this Confidentiality Stipulation and Protective Order shall, absent written permission of the producing Party, or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals or remands.   Within sixty days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received Confidential Information shall return such materials, and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or shall certify destruction thereof.   The outside counsel for each Party shall be entitled to retain court papers, deposition transcripts, and attorney work product that contains, reflects

13

or summarizes Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

15. <u>No Bar to Seeking Further Relief.</u> Nothing in this Confidentiality Stipulation and Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or any other basis for relief, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. <u>Treatment of Confidential Information in Court Proceedings.</u> In the event that any Confidential Information is to be used in any court proceeding in this action or any appeal therefrom, such information or materials shall not lose their status as Confidential Information solely through such use. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding, and shall incorporate such procedures, as appropriate, in any pre-trial or pre-hearing order.

18. <u>No Limit on Use of Party's Own Information.</u> This Confidentiality Stipulation and Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, information or materials

designated as Confidential Information which have been lawfully obtained by such Party

independently of any proceedings in this action, or which:

a.      Were already known to the receiving Party by lawful means prior to the receipt or disclosure from the producing Party in this action;

b.      Are or become publicly known through no fault or act of the receiving Party; or,

c       Are rightfully received by the receiving Party from another source which has authority to provide such information or material and without restriction as to disclosure.

19.      Inadvertent   Production   of   Undesignated/Misdesignated   Confidential Information. If a Party inadvertently produces Confidential Information without marking it as such, or with a designation that is insufficient for the level of confidentiality that should be attached to the material, it may be disclosed to others until the receiving Party is advised of the error, *unless* it appears from the face of the material that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing Party.   As soon as the receiving Party becomes aware of the inadvertent undesignation/misdesignation, the information must be treated as if it had been timely and correctly designated under this Confidentiality Stipulation and Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

20.     <u>Inadvertent Production of Privileged Materials.</u>   If a Party inadvertently produces a document that is a privileged document, the production of that document shall not be deemed to constitute a waiver of any applicable privileges.   In such circumstances, the producing Party shall promptly notify the receiving Party of the inadvertent production, and request the return or confirmed destruction of the privileged materials.   Within five business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof.   Such return or confirmation of destruction shall not preclude the receiving Party from seeking to compel production of the materials for reasons other than its inadvertent production.

21.     <u>Binding Effect of Confidentiality Stipulation and Protective Order Before Entry by Court.</u>   The Parties agree to be bound by the terms of this Confidentiality Stipulation and Protective Order pending its entry by the Court, or pending entry of an alternative thereto.   Any violation of the terms of this Confidentiality Stipulation and Protective Order prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if the stipulation had been entered as an order of the Court.

22.     <u>Obligations Under Subpoena in Other Action</u>.   If a Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a Party to this action, seeking Confidential Information which it received from the other Party, the Party so served shall give prompt, written notice to the producing Party, by hand or electronic service, within five business days

of its receipt of such subpoena, demand, or legal process.  In no event shall production or other disclosure be made before the producing Party has been given such notice and has had a reasonable opportunity to quash the subpoena.  Nothing herein shall be construed as requiring the Party, or anyone else covered by this Confidentiality Stipulation and Protective Order, to challenge or appeal any order requiring production of information or material covered by this Confidentiality Stipulation and Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

23.   Retroactive Application to Documents Produced Prior to Entry of This Protective Order.  This Confidentiality Stipulation and Protective Order shall apply to all designated documents exchanged by the Parties after January 1, 2006, including such documents exchanged prior to the entry of this Order.

**SO STIPULATED**:

| | |
|---|---|
| Stewart McNab<br>Carver Kirchhoff Schwarz McNab & Bailey, LLC<br>1600 Stout Street, Suite 1700<br>Denver, CO 80202<br>(303) 893-1819<br><br>Attorneys for Plaintiff<br>ADEPT COMPUTER SOLUTIONS, INC. | Mark W. Fischer<br>Elizabeth M. Magnuson<br>Matt Stump<br>FAEGRE & BENSON LLP<br>1900 Fifteenth Street<br>Boulder, CO 80302<br>(303) 607-3500<br><br>Attorneys for Defendant |

| | ZOLL DATA SYSTEMS |
|---|---|
| | |

**SO ORDERED**:

This ___26 <sup>th</sup>___ day of ___JANUARY___, 2005.

BY THE COURT:

_____
United States District Court

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE

18

EXHIBIT A – "Confidential Material"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **05-CV-01917-WYD-MJW**

**ADEPT COMPUTER SOLUTIONS, Inc.,** a California corporation,

     Plaintiff,

v.

**ZOLL DATA SYSTEMS,** a Delaware Corporation,

     Defendant.

_____

## **DECLARATION OF** _____

_____

_____, swears or affirms and states under penalty of perjury:

     1.     I have read the Confidentiality Stipulation and Protective Order in this action *Adept Computer Solutions, Inc. v. Zoll Data Systems*, Civil Action No. 05-cv-01917 (WYD)(MJW), in the United States District Court for District of Colorado, a copy of which is attached to this declaration.

     2.     I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "Confidential Material" under the Confidentiality Stipulation and Protective Order.

     3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any "Confidential Material," or any other Confidential Information, shown or told to me except as authorized in the Confidentiality Stipulation and Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I will not use the Confidential Information for any commercial purpose.

4.     For the purposes of enforcing the terms of the Confidentiality Stipulation and Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.     I will abide by the terms of the Confidentiality Stipulation and Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (____)_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **05-CV-01917-WYD-MJW**

**ADEPT COMPUTER SOLUTIONS, Inc.,** a California corporation,

      Plaintiff,

v.

**ZOLL DATA SYSTEMS,** a Delaware Corporation,

      Defendant.

_____

## <u>DECLARATION OF</u> _____

_____

_____, swears or affirms and states under penalty of perjury:

    1.    I have read the Confidentiality Stipulation and Protective Order in this action *Adept Computer Solutions, Inc. v. Zoll Data Systems*, Civil Action No. 05-cv-01917 (WYD)(MJW), in the United States District Court for the District of Colorado, a copy of which is attached to this declaration.

    2.    I have been informed by _____, Esq., counsel for _____, that I will be given access to information, documents or other materials that have been defined as "<u>Confidential Material</u>" or "<u>Highly Confidential Material</u>" and which were produced by the Disclosing Party subject to the Confidentiality Stipulation and Protective Order.

    3.    I am not now employed, and I do not intend to be employed, by the Receiving Party.

    4.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any "<u>Confidential Material</u>" or "<u>Highly Confidential Material</u>," or any other Confidential Information, shown or told to me except as authorized in the Confidentiality Stipulation and Protective Order.  I will not use the Confidential Information

for any purpose other than this litigation. I will not use the Confidential Information for any commercial purpose.

5.      For the purposes of enforcing the terms of the Confidentiality Stipulation and Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

6.      I will abide by the terms of the Confidentiality Stipulation and Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (___)_____

DNVR1:60326945.01