IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-01917-RPM

ADEPT COMPUTER SOLUTIONS, INC., a California corporation,

    Plaintiff,

v.

ZOLL DATA SYSTEMS, INC., a Delaware corporation,

    Defendant.

_____

RULINGS ON PRE-TRIAL FILINGS
_____

At the pretrial conference held on July 13, 2007, the Court directed the filing of simultaneous briefs on legal issues by October 1, 2007, and responses by October 15, 2007. The parties complied with that direction. In the defendant's filing of October 1, 2007, designated Combined Trial Brief and Brief in Support of Motion for Ruling as a Matter of Law, Zoll Data Systems requested rulings on what it characterized as three special legal issues. They are: (1) whether the Lanham Act claim should be dismissed as a matter of law; (2) whether the DMCA's definition of a "violation" means the number of copies that Zoll made, or whether the DMCA statutory damages multiplier should be limited to the number of times a DMCA violation occurred; and (3) whether, as a matter of law, Plaintiff's mapping data files and computer commands are not copyrightable subject matter.

The plaintiff on October 5, 2007, filed a motion for denial of these requests as *de facto* motions for summary judgment and in the alternative asks for a response date if the Court were to proceed under Fed.R.Civ.P. 56. The plaintiff's response brief, filed

October 15, 2007, addresses the legal issues. The parties are asserting substantial factual issues for trial and the questions raised by the defendant as questions (2) and (3) above are fact dependent and are raised prematurely. These questions will be more appropriately raised under Rule 50 and Rule 51.

The defendant's request to dismiss the Lanham Act claim as a matter of law is denied. The plaintiff is asserting a trademark claim separately from the copyright claim and these are not mutually exclusive claims.

Zoll Data Systems also filed a flurry of other motions on October 1, 2007. On considering those motions, it is

ORDERED AS FOLLOWS:

Zoll Data Systems' Motion to Strike Plaintiff's Jury Demand as to Claims under the Digital Millennium Copyright Act and Motion to Bifurcate the Trial [147] is denied.

Zoll Data Systems' Motion for Ruling as a Matter of Law [148] is denied.

Zoll Data Systems' Motion in Limine to Exclude Evidence of Zoll's Alleged Willfulness [149] is denied.

Zoll Data Systems' Motion in Limine to Exclude Evidence of the Manner in Which It Breach Its Contract with Plaintiff and in Which It Infringed Plaintiff's Copyrights [150] is denied.

DATED: November 8th, 2007

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge