IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-01917-RPM

ADEPT COMPUTER SOLUTIONS, INC., a California corporation,

     Plaintiff,

v.

ZOLL DATA SYSTEMS, INC., a Delaware corporation,

     Defendant.

_____

## RULING ON POST-VERDICT MOTIONS AND ORDER FOR ENTRY OF FINAL JUDGMENT

_____

     The plaintiff on December 26, 2007, filed its Motion for Award of Prejudgment Interest and Attorney's Fees [204] and the issues raised therein have been briefed. The plaintiff is entitled to the recovery of prejudgment interest at 8 percent, the Colorado statutory rate, on the jury's verdict finding for the plaintiff on its claim for breach of contract which the jury found resulted in damages in the amount of $150,660.21. The jury was not asked and did not attempt to identify the dates of each breach, the cumulative effect of which was that amount. The plaintiff asserts that this Court should use an intermediate date of June 15, 2002, as the beginning date for determination of the amount. The defendant has submitted a calculation based on the sales records which were a part of the evidence in the case. The plaintiff objects to that calculation, contending that it improperly makes assumptions with respect to the manner in which the jury calculated the award. While that is true, the Court finds the

defendant's position to be reasonable and accordingly awards contract interest through December 14, 2007, in the amount of $69,908.89 with additional daily interest accruing at $46.60 on that claim.

The plaintiff also seeks an award of prejudgment interest on its claim for copyright infringement and as to that claim the jury found that the defendant obtained profits in the amount of $243,750.00 from sales of the Nomad product attributed to the unauthorized use of the copyrighted Street Wizard software. The parties recognize that under *Kleir Advertising, Inc., v. Premier Pontiac*, *Inc.,* 921 F.2d 1036, 1041-1042 (10th Cir. 1990) the Court has discretion to award prejudgment interest on a copyright infringement claim even though the statute does not expressly provide for it. The parties dispute the rate of interest that should be used, the plaintiff asserting the 8 percent Colorado statutory rate and the defendant asserting that 4.9 percent interest is appropriate as representing the rate at which Zoll would have borrowed money between February, 2000, and October, 2004. The defendant has submitted a calculation using that rate and the Court finds in its discretion that it is reasonable and should be adopted. Accordingly, interest on the copyright infringement claim award is $64,801.46 through December 14, 2007, and a daily accrual of $40.50.

The plaintiff also contends that it should be awarded its attorney's fees on its claim for a violation of the DMCA under 17 U.S.C. § 1203(b)5). Again, the matter is within the Court's discretion. The defendant has submitted information regarding settlement negotiations as relevant to this contention. The Court finds it inappropriate to consider that information and has determined the question based upon the

difference between the plaintiff's claims under the DMCA and the result of the trial. This Court dismissed the DMCA claims other than the unlawful removal of Copyright Management Information from Adept's copyrighted Street Wizard software. According, the plaintiff should not be considered to be the prevailing party except in a very limited fashion. Comparing the result of the trial with the plaintiff's multiple claims made throughout this proceeding, the Court in its discretion has determined that no attorney's fees should be awarded on the very limited recovery. For the same reason, no costs are awarded under Fed.R.Civ.P. 54(d).

Given these rulings, it is now

ORDERED that the Clerk of this Court shall enter final judgment in accordance with the verdict and these rulings.

DATED: February 14th, 2008

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge